1  John A. Vogt (State Bar No. 198677)
   jvogt@jonesday.com
2  Edward S. Chang (State Bar No. 241682)
   echang@jonesday.com
3  Ryan D. Ball (State Bar No. 321772)
   rball@jonesday.com
4  JONES DAY
   3161 Michelson Drive, Suite 800
5  Irvine, California  92612.4408
   Telephone:  (949)851-3939
6  Facsimile:   (949) 553-7539

7  Attorneys for Defendant
   HIMS & HERS HEALTH, INC.
8

9              UNITED STATES DISTRICT COURT

10            SOUTHERN DISTRICT OF CALIFORNIA

11

12 | SONYA VALENZUELA, individually | Case No. **'23CV0011 L    KSC**
13 | and on behalf of all others similarly | [Removal of San Diego County
   | situated, | Superior Court, Case No.
14 |  | 37-2022-00047422-CU-MT-CTL]
   |         Plaintiff, |
15 |  | **HIMS & HERS HEALTH, INC.'S**
   |     v. | **NOTICE OF REMOVAL OF**
16 |  | **ACTION PURSUANT TO 28**
   | HIMS & HERS HEALTH, INC., a | **U.S.C. §§ 1332, 1441, AND 1446**
17 | Delaware corporation, d/b/a |
   | FORHIMS.COM, and DOES 1 through | **[CAFA JURISDICTION]**
18 | 10, inclusive, |
   |  | Complaint Filed: November 23, 2022
19 |         Defendant. |

20

21

22

23

24

25

26

27

28

**PLEASE TAKE NOTICE THAT** Defendant Hims & Hers Health, Inc. ("Hims & Hers Health" or "Defendant") hereby removes the above-captioned action from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.  The grounds for removal are set forth below:

## CLAIMS ASSERTED IN COMPLAINT

1.    On November 23, 2022, Plaintiff Sonya Valenzuela ("Valenzuela" or "Plaintiff"), on behalf of herself and all others similarly situated, filed a Class Action Complaint ("Compl.") in the Superior Court of California, County of San Diego (the "State Court Action"), Case No. 37-2022-00047422-CU-MT-CTL. Hims & Hers Health is the named Defendant in the State Court Action.

2.    Plaintiff seeks to certify a California class, consisting of: "All persons within California who within the statute of limitations period: (1) communicated with Defendant via the chat feature on Defendant's Website using a cellular telephone, and (2) whose communications were recorded and/or eavesdropped upon without prior consent."  Compl., ¶ 14.

3.    Plaintiff asserts claims for: (1) violations of California's Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 631; and (2) violations of CIPA, Cal. Penal Code § 632.7.  *Id.*, ¶¶ 20–33.

4.    Plaintiff seeks injunctive relief, statutory damages, punitive damages, and attorneys' fees and costs.  *See id.*

## COMPLIANCE WITH STATUTORY REQUIREMENTS

5.    The Complaint in the State Court Action was filed with the Clerk of the Superior Court of California, County of San Diego on November 23, 2022.

6.    On December 5, 2022, Plaintiff served Defendant with the Complaint.

7.    This Notice of Removal is being filed with this Court within 30 days after Defendant was served with Plaintiff's initial pleading setting forth the claims for relief upon which Plaintiff's action is based. *See* 15 U.S.C. § 1446(b)(1)

HIMS & HERS HEALTH U.S.A., INC.'S
NOTICE OF REMOVAL OF ACTION

1 (providing for removal "30 days after the receipt by the defendant . . . of a copy of

2 the initial pleading").

3      8.    Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and

4 orders entered in the State Court Action is attached hereto as **Exhibit A**.

5      9.    Promptly after filing this Notice of Removal, Defendant will provide

6 written notice of removal of this action to Plaintiff through his attorneys of record

7 in the State Court Action, and it will file a copy of this Notice of Removal and all

8 other necessary documents with the Clerk of the Superior Court of California,

9 County of San Diego in the State Court Action, as required by 28 U.S.C. § 1446(d).

10 A copy of Defendant's Notice to State Court and Adverse Party of Removal from

11 State Court to the United States District Court of the Southern District of California

12 (without exhibits) is attached to this Notice of Removal as **Exhibit B.**

13      10.    By removing the action to this Court, Defendant does not waive any

14 defenses that are available under state or federal law.

15 <u>**VENUE AND INTRADISTRICT ASSIGNMENT**</u>

16      11.    Venue lies in the United States District Court for the Southern District

17 of California pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) because the Complaint

18 was filed in this District.  Pursuant to 28 U.S.C. § 1441(a), this case may properly

19 be removed to the Southern District of California because Plaintiff filed this case in

20 the Superior Court of California, County of San Diego.

21 <u>**JURISDICTION: CAFA JURISDICTION**</u>

22      12.    This Court has original jurisdiction over this Action pursuant to 28

23 U.S.C. § 1332(d) (as amended by the Class Action Fairness Act of 2005, Pub. L.

24 No. 109-2, 119 Stat. 4 ("CAFA")).  Federal courts have original diversity

25 jurisdiction over a class action whenever: (1) "any member of a [putative] class of

26 plaintiffs is a citizen of a State different from any defendant"; (2) "the matter in

27 controversy exceeds the sum or value of $5,000,000, exclusive of interest and

28 costs"; and (3) "the number of members of all proposed plaintiff classes in the

HIMS & HERS HEALTH U.S.A., INC.'S
NOTICE OF REMOVAL OF ACTION

aggregate is" 100 or more.  28 U.S.C. § 1332(d)(2), (d)(5)(B). This is a putative class action. *See e.g.*, Compl., ¶¶ 14-19. As set forth below, all additional requirements to establish jurisdiction pursuant to CAFA are satisfied in this case.

## I.   AT LEAST ONE MEMBER OF THE PUTATIVE PLAINTIFF CLASS IS DIVERSE FROM DEFENDANT

13.    For minimal diversity to exist, one Plaintiff must be diverse from one defendant. 28 U.S.C. § 1332(d)(2)(A).

14.    In this matter, diversity of citizenship exists because at members of the putative Plaintiff class and Hims & Hers Health are citizens of different states.  *See* 28 U.S.C. § 1332(d)(2).

15.    Hims & Hers Health is incorporated in Delaware with its principal place of business in California.  Thus, Hims & Hers Health is a citizen of Delaware and California for diversity-jurisdiction purposes.  *See* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 80 (2010) (holding that a corporation is "deemed to be a citizen of any State [] by which it has been incorporated and of the State [] where it has its principal place of business." (quoting 28 U.S.C. §1332(c)(1))).

16.    Plaintiff alleges that she seeks to certify a class of all persons "within California" who "(1) communicated with Defendant via the chat feature on Defendant's Website, . . . and (2) whose communications were recorded[]" within the statutory period.  Compl. ¶ 14.

17.    Plaintiff has agreed that the class definition encompasses persons who used the chat feature from within the state of California, but who are *not* citizens of California.  And courts have made clear that where, as here, plaintiffs do not specify that they seek to certify a class of "citizens" of a particular state, courts will not assume that the plaintiff class is limited to citizens of that state.  *Turner v. Corinthian Int'l Parking Servs., Inc*., No. C 15-03495 SBA, 2015 WL 7768841 (N.D. Cal. Dec. 3, 2015) (denying motion to remand where "pleadings d[id] not

expressly allege that non-California citizens are excluded from the class definition"). *King v. Safeway, Inc.*, 2008 WL 1808545, at *1 (N.D. Cal. Apr. 22, 2008) (denying Plaintiff's motion to remand where class was defined as "[a]ll persons in the State of California who purchased  [the product during the relevant time period]"); *Larsen v. Pioneer Hi-Bred Int'l, Inc.*, 2007 WL 3341698 at *5 (S.D. Iowa 2007) (finding class of "[a]ll persons and entities in the state of Iowa" who purchased certain seed products was not limited to citizens of Iowa); *McMorris v. TJX Companies, Inc.*, 493 F. Supp. 2d 158, 162 (D. Mass. 2007) (denying motion to remand where Plaintiff sought to certify a class of Massachusetts "residents" because such a class may "include . . . [non-Massachusetts] citizens who resided in Massachusetts during that period[.]"); *Taylor v. Certified Legal Funding, Inc.*, 2018 WL 3860243, at *2 (M.D. Fla. July 3, 2018)  (denying motion to remand where class was defined as persons who "'entered into' an investment agreement with Defendant 'in the State of Florida'").

18.    Thus, because Plaintiff's class definition does not limit itself to "citizens" of California, and the Court cannot assume that the putative class consists of only California citizens, minimal diversity exists between the putative class and Defendant.

19.    All other defendants listed in the caption are fictitious defendants who are ignored for the purposes of a diversity analysis.  28 U.S.C. § 1441(b)(1).

20.    The minimal diversity requirement is therefore satisfied.

## II.    THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000

21.    Although Hims & Hers Health concedes neither liability on Plaintiff's claims nor the propriety or breadth of any class as alleged by Plaintiff, Plaintiff's allegations place the amount in controversy to a sum greater than $5,000,000.  *See generally* Compl.; 28 U.S.C. § 1332(2).[1]

---

[1] In alleging the amount in controversy for purposes of removal, Hims & Hers Health does not concede or acknowledge in any way that the allegations in the Complaint are accurate or that either Plaintiff or any proposed class member is

HIMS & HERS HEALTH U.S.A., INC.'S
NOTICE OF REMOVAL OF ACTION

22.    Plaintiff and the putative class seek statutory damages for each alleged violation of CIPA.  Compl., ¶¶ 25, 33.  CIPA imposes statutory damages of $5,000 per violation.  *See* Cal. Penal Code § 637.2(a)(1).

23.    Plaintiff seeks to certify a class of persons within California who have communicated with Hims & Hers Health's via the chat feature.  Plaintiff "believes the number [of class members] to be in the thousands, if not more."  Compl., ¶¶ 14, 15.    Therefore, even a class of 1,001 individuals would result in 1,001 communications, each of which could independently constitute a CIPA violation.  Accordingly, the alleged statutory damages, in the aggregate, exceed $5,000,000 (1,001 communications x $5,000 per communication = $5,005,000).

24.    In addition, Plaintiff seeks recovery of attorneys' fees in this putative class action, which amounts are also included in the amount in controversy for purposes of CAFA jurisdiction.[2]  *See Arias v. Residence Inn by Marriot*, 936 F.3d 920, 922 (9th Cir. 2019) ("[W]hen a statute or contract provides for the recovery of attorneys' fees, prospective attorneys' fees must be included in the assessment of the amount in controversy." (citing *Fritsch v. Swift Transp. Co. of Ariz.*, 899 F.3d 785, 794 (9th Cir. 2018))).

25.    Thus, this dispute exceeds the minimum amount-in-controversy requirement for jurisdiction pursuant to CAFA.[3]

---

entitled to any amount under any claim or cause of action.  Nor does Hims & Hers Health concede or acknowledge that any class may be certified, whether as alleged or otherwise, or that any or all of the proposed class members are entitled to any recovery in this case, or are appropriately included in the putative class.

[2] Hims & Hers Health does not concede or acknowledge in any way that Plaintiff or any proposed class member is entitled to recovery of any fees and costs in this case.

[3] If challenged, Hims & Hers Health reserves the right to offer evidence or information to establish the amount in controversy on all claims alleged in the Complaint.  *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020).

### III.    PLAINTIFF ALLEGES A PROPOSED CLASS THAT EXCEEDS 100 MEMBERS

26.    Based on the allegations in the Complaint, the number of putative class members exceeds 100.  28 U.S.C. § 1332(d)(5)(B).  Plaintiff alleges that she "believes the number [of class members] to be in the thousands, if not more." Compl., ¶ 15.  This includes all persons within California, who within the relevant time period, "communicated with Defendant via the chat feature on Defendant's website using a cellular telephone."  Compl., ¶ 14.  Accordingly, the Complaint sufficiently alleges that the proposed class exceeds 100 members.

WHEREFORE, the above-captioned action is hereby removed to this Court from the Superior Court of California, County of San Diego.


Dated: January 4, 2023                    JONES DAY


                                          By: *s/Ryan D. Ball*
                                              Ryan D. Ball

                                          Attorneys for Defendant
                                          HIMS & HERS HEALTH, INC.

HIMS & HERS HEALTH U.S.A., INC.'S
NOTICE OF REMOVAL OF ACTION